**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-03108-CMA-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$18,420.00 IN UNITED STATES CURRENCY,
$2,805.00 IN UNITED STATES CURRENCY, and
$2,000.00 IN UNITED STATES CURRENCY,

    Defendants.

_____

**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**
_____

On November 18, 2014, Plaintiff United States of America ("Plaintiff" or the "Government") filed a verified complaint for forfeiture *in rem* seeking civil forfeiture of $18,420.00, $2,805.00, and $2,000.00 in United States currency. (Doc. # 1.) The U.S. currency at issue was seized from Tamara Kittrell and Carl Green at Denver International Airport ("DIA") on April 14, 2014. (Doc. # 1 at 2 ¶ 3.) On November 19, 2014, this Court issued a warrant for the arrest of the Defendant currency (Doc. # 5), which was executed on December 1, 2014. On March 2, 2015, Kittrell and Green filed a motion to dismiss Plaintiff's complaint and/or transfer venue pursuant to 28 U.S.C. § 1404. For the reasons that follow, Kittrell and Green's motion is DENIED.

Kittrell and Green argue that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because "Ms. Kittrell and Mr. Green are not subject to

personal jurisdiction in this Court." (Doc. # 11 at 4.) In addition, Kittrell and Green argue that the Complaint should be dismissed or transferred for improper venue under Rule 12(b)(3). In response, the Government asserts that the United States District Court for the District of Colorado properly has *in rem* jurisdiction in this civil forfeiture action because the defendant currency was seized, and is located, in Colorado. (Doc. # 13 at 3-4.) The Government also argues that venue in this forfeiture action properly lies in the District of Colorado and that venue should not be transferred because Kittrell and Green fail to show significant inconvenience as a result of the Government's choice of forum. (Doc. # 13 at 5-8.)

A civil forfeiture proceeding is an *in rem* action brought by the United States directly against seized property. *See, e.g.*, *United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1309 (10th Cir. 1994) ("The exercise of in rem jurisdiction in a civil forfeiture case permits the court to adjudicate the rights of the government to the property as against the whole world."). A civil forfeiture proceeding is not an *in personam* action against an individual. In this civil forfeiture proceeding, the defendants are the amounts of United States currency seized from Kittrell and Green at DIA on April 14, 2014. Kittrell and Green are not the defendants. Therefore, their arguments regarding personal jurisdiction under Rule 12(b)(2) are inapplicable to the present matter. This Court has *in rem* jurisdiction over Defendant currency because the warrant for the arrest of the property was properly issued and successfully executed. *See, e.g.*, *51 Pieces of Real Property*, 17 F.3d at 1310 ("To obtain jurisdiction over the property, the court must be able to execute service of process on it.").

"[V]enue for an in rem civil proceeding to forfeit property lies in the district in which the property is found." *Id.* at 1309-10 (citing 28 U.S.C. § 1395(b)). As stated above, Defendant currency was seized at DIA and was being held by the Secret Service in Denver, Colorado at the time this civil forfeiture action was commenced. (Doc. #1 at 2 ¶ 3.) Therefore, venue properly lies in the District of Colorado.

Under 28 U.S.C. § 1404(a), this Court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if, "in the interest of justice," it would result in greater convenience for the parties and witnesses. "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). When deciding such a motion, this Court considers

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflicts of laws; the advantages of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
>
> *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

Kittrell and Green argue that litigating this case in the District of Colorado would be "extremely inconvenient, burdensome, expensive and prejudicial" to them because "they reside 2,000 miles away in New Jersey." (Doc. # 11 at 8.) In addition, Kittrell and

3

Green assert that transferring this case to the District of New Jersey "would not inconvenience or prejudice plaintiff in any way because of its essentially limitless resources and its ability to litigate this case in any forum." (Doc. # 11 at 8-9.) Kittrell and Green's argument, without more, is unavailing. The Government has chosen to bring this civil forfeiture proceeding in the District of Colorado, and Defendant currency was seized and is located in Colorado. In addition, the Government asserts that "the cab driver who received counterfeit funds and the investigating officers to the underlying crime reside in the State of Colorado." Based on the foregoing, this Court finds that Kittrell and Green have not demonstrated that a transfer of venue in warranted.

SO ORDERED this 24th day of June, 2015.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge